UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

In the Matter of Extradition of

LEE MORRELL,

CASE NO. 3:24-mj-05020-TLF-DGE

ORDER DENYING MOTION TO REVOKE DETENTION ORDER (DKT. NO. 26)

This matter comes before the Court on Lee Morell's Motion to Revoke the Detention Order and Set Conditions of Release.  (Dkt. No. 26.)  Morell is the subject of a Complaint for Extradition in which the Government seeks to comply with a request for extradition submitted by the United Kingdom.  (Dkt. No. 1.)  On February 23, 2024, United States Magistrate Judge David Christel entered a detention order holding Morell in custody pending the outcome of extradition proceedings.  (Dkt. No. 22.)

An order of detention is reviewed de novo.  19 U.S.C. § 3145(b); Rule 59(b)(3).  "There is a presumption against bail in an extradition case and only 'special circumstances' will justify bail."  *Salerno v. United States*, 878 F.2d 317, 317 (9th Cir. 1989) (citing *Wright v. Henkel*, 190 U.S. 40 (1903)).  The party seeking bail has the burden of establishing special circumstances.  *Id.*  There is no precise definition of special circumstances; instead, courts review the facts of each case individually to determine whether "'sufficient circumstances . . . would reverse the strong

presumption against bail.'" *In re Extradition of Santos*, 473 F. Supp. 2d 1030, 1036 (C.D. Cal. 2006) (quoting *In re Extradition of Mainero*, 950 F. Supp. 290, 294 (S.D. Cal. 1996)).

> The determination of what constitutes a special circumstance is within the Court's sound discretion but it is generally understood that special circumstances have typically been limited to those situations where the justification is pressing as well as plane, or in the most pressing circumstances, and when the requirements of justice are absolutely peremptory.

*In re Extradition of Drumm*, 150 F. Supp. 3d 92, 96 (D. Mass 2015) (cleaned up).

Morrell argues special circumstances exist because (1) his spouse depends on him for care, (2) there was a delay in seeking his extradition, and (3) he is eligible for bail in the United Kingdom.

Having reviewed the record de novo, the Court finds no basis to depart from Judge Christel's order on detention as to the absence of special circumstances.[1]

There is little doubt Morell's spouse will suffer hardship if Morell remains detained or ultimately is extradited to the United Kingdom. But as noted by Judge Christel, hardship to dependent family members is insufficient to establish special circumstances. *See In re Extradition of Beresford-Redman*, 753 F. Supp. 2d 1078, 1088 (C.D. Cal. 2010) ("While the Court recognizes that the age of these children and the recent loss of their mother renders them particularly vulnerable, these two factors alone are not enough to convert the emotional hardship . . . into a special circumstance."); *Matter of Extradition of Budrys*, 2019 WL 1958566,

---

[1] Morell also argues he is not a flight risk. Morell notes he operates a small business, that he has been married since May 2018, and that he has lived with his spouse since 2017. His spouse is disabled, requires a wheelchair, and depends on Morell. Morell obtained legal permanent resident status through his spouse. United States Citizenship and Immigration Services was satisfied as to the legitimacy of Morell's marriage sufficient to approve his application for legal permanent residence. Though it might be concluded that Morell fled the United Kingdom to avoid charges, the record would appear to indicate Morell has significant familial and community ties to establish he is not a flight risk.

at *6 (N.D. Ill. May 2, 2019) (status as "primary caretaker of his three young children while his wife pursues her education" did not amount to special circumstances).

The record also is insufficient to conclude the United Kingdom delayed in seeking Morell's extradition such that special circumstances were created.  The record shows the United Kingdom began extradition within two years after issuance of an arrest warrant.  It also shows active prosecution of co-defendants occurring through July of 2023.  Though not optimal, the delay in seeking Morell's extradition is not beyond the bounds of expectation.  *See In re Extradition of Drumm*, 150 F. Supp. 3d at 98–99 (seven years between investigation and extradition request did not create special circumstances).

It also is debatable whether Morell would be granted bail by a court in the United Kingdom considering Morell left the United Kingdom, has never returned, and the United Kingdom was forced to commence extradition proceedings.  Moreover, this Court does find it odd to consider the possibility of bail a special circumstance when considering that most persons facing extradition presumably would have an opportunity to request bail in the jurisdiction seeking their extradition.  *See In re Extradition of Kyuing Joon Kim*, 2004 WL 5782517, *2 (C.D. Cal. July 1, 2004) ("Granting an extradite bail in the United States because the underlying offense is bailable in the foreign country is unworkable and would undermine the special circumstances requirement.").

//

//

//

//

After de novo review of the record, and for the reasons stated herein, the Court DENIES Morell's Motion to Revoke the Detention Order and Set Conditions of Release.

Dated this 23rd day of April 2024.

David G. Estudillo
United States District Judge